IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CARA WILLIAMS, : | |
| : | |
| Plaintiff, : | |
| VS. : | NO. 5:24-CV-00471-TES-ALS |
| : | |
| TYRONE OLIVER, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER**

Presently pending before the Court is Plaintiff's "Motion to Vacate the Order of Dismissal for Lack of Service". ECF No. 7. This action was dismissed and judgment was entered on March 10, 2025. ECF Nos. 5 and 6.

Plaintiff's motion appears to be in the nature of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case

under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Here, Plaintiff asserts that she did not receive the recommendation of dismissal prepared by the Magistrate Judge because "prison officials returned correspondence addressed to Plaintiff from this Court absent Plaintiff's prior knowledge."[1]  ECF No. 7 at

---

[1] Despite Plaintiff's statement that her mail was returned to the Court, there is no present

2

2. Plaintiff requests that judgment be vacated in this case and that she "be served with unserved Court correspondence/ documents in which to lawfully allow Plaintiff to file any objections to the relevant matter." *Id*. at 3.

Plaintiff raises no argument and claims within her post-judgment motion on new law, newly discovered evidence, nor why the Court's dismissal was in any way erroneous. However, to quell any possible manifest injustice and in consistency with other Courts in our Circuit, [2] the Court will **VACATE** judgment in this matter to allow Plaintiff **FOURTEEN (14) DAYS** to submit her objections to the Recommendation of Dismissal (ECF No. 4). Plaintiff is advised that she will only be permitted to submit objections to the recommendation of dismissal and the Court will not consider any amended complaint. Here, Plaintiff's complaint was dismissed under the three strikes provision of 28 U.S.C. § 1915(g) and as malicious under 28 U.S.C. § 1915A(b)(1) due to her failure to truthfully

---

entry in the Court's docket that reflects any returned mail in this case or in Plaintiff's other civil action pending in the Middle District of Georgia, *Williams v. Oliver,* Case No. 5:24-cv-00469-MTT-AGH.

[2] *See, e.g.*, *Kleckley v. Fla*., No. 19-62972-CIV, 2022 WL 13782376, at *1 (S.D. Fla. Sept. 6, 2022) (vacating a previous order adopting an R&R when Petitioner did not receive recommendation and permitting petitioner time to object to only some of the disposed of claims from the recommendation.); *Simmons v. Williams*, 2015 WL 4410804, at *1 (S.D. Ga. July 17, 2015) (Hall, J.) ("On June 11, 2015, the Clerk of Court docketed a letter from Plaintiff stating that he received a copy of the Court's June 1, 2015 Order adopting the R & R but that he never received a copy of the R & R. Consequently, in an abundance of caution, the Court vacated its Order adopting the R & R and provided Plaintiff with an additional fourteen days to file any objections to the R & R." (cleaned up)); *Reed v. Thomas*, 2015 WL 3887784, at *1 (N.D. Ala. June 23, 2015) (Kallon, J.) (vacating a previous order adopting an R&R because the petitioner's "legal mail had been held from March 18, 2015, to May 27, 2015").

disclose her litigation history. Because all that is at issue is whether the Court erred in dismissing Plaintiff's complaint under § 1915(g) and §1915A(b)(1), the Court sees no reason for granting Plaintiff any leave to amend her complaint.

      The **CLERK** is **DIRECTED** to mail Plaintiff a copy of the Recommendation of Dismissal (ECF No. 4) along with a copy of this Order.

      **SO ORDERED**, this 21st day of March, 2025.

      S/ Tilman E. Self, III
      TILMAN E. SELF, III., JUDGE
      UNITED STATES DISTRICT COURT